IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY HORTON, #25020980, PLAINTIFF, | § § § § | |
| v. | § § | CIVIL CASE NO. 3:25-CV-1853-B-BK |
| TURNING POINT MISSIONARIES CHURCH CO-FOUNDERS, ET AL., DEFENDANTS. | § § § § § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Plaintiff's *pro se* prisoner civil rights complaint was referred to the undersigned United States Magistrate Judge for case management, including entry of findings and a recommended disposition. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order.

I.

On October 20, 2025, the Court determined that Plaintiff Gregory Horton remained obligated to pay the $335.00 filing fee despite his release from confinement. The Court thus ordered Plaintiff to pay the filing fee by November 17, 2025. Doc. 15. The Court received correspondence regarding notice of Plaintiff's address the day the Order was issued. Doc. 16. On November 6, 2025, the Court reissued the Order to the new address and extended the deadline in the interest of justice to December 1, 2025. Doc. 18. The Order warned that failure

to comply may result in the dismissal of this case under Federal Rule of Civil Procedure 41(b). However, to date, Plaintiff has again failed to pay the $335.00 filing fee.

Because the case cannot proceed further absent payment of the filing fee, this action should be dismissed for failure to comply with a court order and for want of prosecution.

II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Generally, such dismissal is without prejudice. Even so, when, as here, a litigant may be barred by the statute of limitations from re-asserting his claims, a Rule 41(b) dismissal is akin to a dismissal with prejudice and the court must apply a higher standard of review. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (concluding that where limitations prevents or could prevent further litigation, the court may dismiss for want of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff, and the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile).

In applying the higher standard, the court must find "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.*; *see also Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) ("Although '[l]esser sanctions such as

fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'" (internal quotations and quoted cases omitted)).

Those requisites are met here. This case has been pending for over four months and, despite the issuance of two orders, Plaintiff has failed to meet the Court's directive to pay the $335.00 filing fee. Since Plaintiff is representing himself, the delay caused by his implied refusal to comply with the Court's order is also attributable to him alone. *See Berry*, 975 F.2d at 1191. Moreover, considering his failure to pay the filing fee, no lesser sanction will prompt diligent prosecution of this case. Indeed, the case cannot proceed absent the filing fee payment.

Under these circumstances, the Court should exercise its discretion to dismiss under Rule 41(b) even if limitations may prevent further litigation of Plaintiff's claims. *See Nottingham*, 837 F.3d at 441 (holding court did not abuse its discretion in applying higher standard of review and dismissing *pro se* civil rights action because of plaintiff's intentional noncompliance with court orders); *Bryson v. United States*, 553 F.3d 402, 404 (5th Cir. 2008) (per curiam) (same as to habeas petition).

For all these reasons, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with court orders and for want of prosecution. *See* FED. R. CIV. P. 41(b).

**SO RECOMMENDED** on January 6, 2026.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).

.