IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY HORTON, | § | |
| #25020980, | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:25-CV-1853-B-BK |
| | § | |
| TURNING POINT MISSIONARIES | § | |
| CHURCH CO-FOUNDERS, ET AL., | § | |
| | § | |
| DEFENDANTS. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, Plaintiff's *Emergency Motion for Preliminary Injunction or Temporary Restraining Order* and associated *Motion to Appoint Counsel*. Docs. 19, 21.

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and any objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the Court is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are **ACCEPTED** as the Findings and Conclusions of the Court. For the reasons stated in the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, Plaintiff's pro se prisoner civil rights complaint, will be **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b). Further, based on the reasons set out below, Plaintiff's Emergency Motions are **DENIED**.

1

# I.

## DISCUSSION

In his *Emergency Motion*, Plaintiff appears to request the Court intervene on an expedited basis to address allegations of child abuse, child exploitation, and racially motivated crimes. Plaintiff's *Emergency Motion* also appears to seek an order requiring the Court to investigate or intervene regarding alleged criminal conduct. *See* Doc. 21.

Under Federal Rule of Civil Procedure 65 provides that "the Court may issue a temporary restraining order without written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

FED. R. CIV. P. 65(b)(1).

In this instance, Plaintiff is not entitled to a TRO or a more lasting form of preliminary injunctive relief. Plaintiff has failed to provide specific facts that clearly show that immediate and irreparable injury, loss, or damage will result. *See* FED. R. CIV. P. 65(b)(1). In addition, while Plaintiff filed an affidavit with his motion, he has not certified in writing any efforts made to give notice to the Defendants and the reasons why notice should not be required before a temporary restraining order is issued. Thus, Plaintiff's motion for a TRO or a preliminary injunction is denied.

Additionally, Plaintiff's Motion to Appoint Counsel is unsupported. A court may appoint counsel for a plaintiff proceeding *in forma pauperis* only if the case presents "exceptional circumstances." *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982); *see Castro Romero v. Becken*,

256 F.3d 349, 353 54 (5th Cir. 2001) (an *in forma pauperis* plaintiff is not entitled to court appointed counsel as a matter of law); 28 U.S.C. § 1915(e)(1). In determining whether a case presents exceptional circumstances, the court may consider the following factors: (1) the type and complexity of the case; (2) whether the indigent plaintiff is capable of adequately presenting the case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination. *Ulmer*, 691 F.2d at 213. Here, Plaintiff has not shown that the case presents exceptional circumstances warranting the appointment of counsel.

To the extent that Plaintiff seeks relief based on alleged violations of criminal law, the Court notes, in the alternative, that criminal statutes generally do not create a private right of action. For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), overruled in part by *Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (concluding that the party seeking to imply a private right of action bears the burden to show that Congress intended to create one). Plaintiff has pled nothing here that would even come close to meeting that burden. *See also Williams v. Cintas Corp.*, No. 3:07-CV-0561-M, 2007 WL 1295802, *2 (N. D. Tex. Apr. 10, 2007) (collecting cases finding no private cause of action for perjury in federal court and no private right of action for civil perjury under Texas law), R. & R. accepted, 2007 WL 1300780, at *1 (N. D. Tex. May 02, 2007).

Further, to the extent Plaintiff seeks an order directing the investigation or prosecution of alleged criminal conduct, such relief is not available in this civil action. *See Gill v. Texas*, 153 F. App'x

261, 262-63 (5th Cir. 2005) ("decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [the plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute."). Further, federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought. *See Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (per curiam).

## II.

## CONCLUSION

In sum, for the reasons stated in the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, Plaintiff's *pro se* prisoner civil rights complaint, will be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b). Further, based on the foregoing, Plaintiff's Emergency Motions are **DENIED**.

**SO ORDERED.**

**SIGNED: January 21, 2026**.

JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE